UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD K. MALONE,
    Plaintiff,

vs

SERGEANT D. MECROSVY, *et al.*,
    Defendants.

Case No. 1:16-cv-833

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this § 1983 action for alleged violations of the Eighth Amendment. Plaintiff claims that he was on suicide watch from July 16, 2016 until July 18, 2016. (Doc. 1-1, Complaint at PageID 13). Upon the conclusion of the suicide watch, plaintiff alleges that defendants refused to give him his personal property for eight days. These items included his eyeglasses, additional clothing, a bed sheet[1], soap, and toothpaste. (*Id.*). Plaintiff further alleges that several items were also destroyed, including legal work, two family photos, address book, cup, bowl, batteries, coffee mug, pencils, books, past grievance forms and appeals, boxers, letters, and bed sheet. (*Id.*).

Based on the above allegations, plaintiff claims that defendants violated his Eighth Amendment rights by inflicting cruel and unusual punishment upon him and denying his medical needs. For relief, plaintiff wants "what I got coming" and a lie detector test. (*Id.* at PageID 14).

Plaintiff's complaint should be dismissed. As an initial matter, it appears clear from the face of the complaint that plaintiff has not exhausted his administrative remedies. Though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is

---

[1] Plaintiff states that he should have been given a "mover sheet" when he left suicide watch, but was not. (*Id.* at PageID 13). As a result, he alleges that "I had to cover-up with my bed matt for 5 days." (*Id.*).

3

apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure sua sponte dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Gergely v. Warren Correctional Institution*, No. 1:09-cv-757, 2009 WL 4597943, at *3 (S.D. Ohio Dec. 3, 2009) (and cases cited therein). In this case, plaintiff indicates that he did not present the facts relating to his complaint in the state prisoner grievance procedure, noting that the "8th amendment is a federal crime. Why should I have to do a grievance procedure when a crime against me is going on." (Doc. 1-1, Complaint at PageID 11). Accordingly, plaintiff's complaint is subject to dismissal because it appears clear from the face of the complaint that he has not exhausted his administrative remedies.

In any event, plaintiff has failed to state a claim for relief under the Eighth Amendment. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)).

To state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The prisoner must show that he is suffering from a "sufficiently serious" medical need, such that "he is incarcerated under

conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834.

In this case, plaintiff contends that defendants denied his medical needs in violation of the Eighth Amendment by withholding his glasses for eight days. However, although the denial of prescription glasses may result in sufficiently serious harm under the Eighth Amendment, plaintiff fails to allege any facts showing that the deprivation of his eye glasses for a period of eight days resulted in any harm. *See Bethel v. Smith,* No. 3:13-cv-692, 2015 WL 2256581, at *4 (E.D. Va. May 13, 2015) (denying Eighth Amendment claim where the plaintiff failed to allege sufficiently serious harm resulting from denial of prescription glasses) (citing *Tormasi v. Hayman,* 452 F. App'x 203, 206 (3d Cir. 2011) (optometry needs found serious due to significantly blurred vision "resulting in dizziness and imbalance that caused him to fall and walk into objects" including a fall that resulted in a broken jaw); *Koehl v. Dalsheim,* 85 F.3d 86, 87–88 (2d Cir. 1996) ("specially prescribed, tinted eye-glasses" to prevent double vision and loss of depth perception asserted sufficiently serious medical need when confiscation of prisoner's eyeglasses rendered his left eye "almost sightless" and caused the eye to shift into the corner of its socket); *Gray v. Stolle,* No. 3:11CV546, 2013 WL 4430919, at *3 (E.D. Va. Aug. 6, 2013) (inmate who was denied glasses stated a viable Eighth Amendment claim because he experienced "headaches and blurry vision" and had fallen down stairs and from the top bunk)).

With respect to the conditions of his confinement, plaintiff's claim that he was deprived of soap, toothpaste, and a bed sheet are also insufficient to state a claim. *See Richmond,* 450 F. App'x at 455 (rejecting Eighth Amendment claim where the plaintiff had no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days, noting "[t]his Court has concluded that deprivation of a shower and other personal hygiene items for a brief span of

time . . ., i.e., only six days is not actionable conduct.") (internal quotation marks and citation omitted).

Next, plaintiff has failed to state a claim for relief with respect to the destruction of his property. To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Finally, plaintiff has failed to state a claim upon which relief may be granted based on his

allegation that his legal work was destroyed. Under the First Amendment, prisoners have a fundamental right of access to the Courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 350-51). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers,* No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'" *Wilburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

In this case, plaintiff fails to allege facts showing that he suffered any actual injury as a result of the destruction of his legal materials. He has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the defendants' conduct. Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

7

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/18/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD K. MALONE,
    Plaintiff,

vs

SERGEANT D. MECROSVY, *et al.*,
    Defendants.

Case No. 1:16-cv-833

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).